**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Ismael OCHOA, aka Alberto Mandujano, Defendant–Appellant.**

No. 06–50320.

United States Court of Appeals, Ninth Circuit.

Submitted July 18, 2008.*

Filed July 22, 2008.

Becky S. Walker, Esq., Douglas E. Miller, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Phillip I. Bronson, Esq., Law Offices of Phillip I. Bronson, Encino, CA, for Defendant–Appellant.

Before: HALL and RYMER, Circuit Judges, and MCNAMEE,** District Judge.

## MEMORANDUM ***

Jose Ismael Ochoa appeals his jury convictions for assaulting a federal officer resulting in bodily injury, 18 U.S.C. § 111(a)(1), (b), assaulting a prisoner with a dangerous weapon, 18 U.S.C. § 113(a)(3), and possession by an inmate of a prohibited object designed or intended to be used as a weapon, 18 U.S.C. § 1791(a)(2). We affirm.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Stephen M. McNamee, Senior United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I

The district court did not abuse its discretion under Federal Rule of Evidence 403 in admitting evidence of Ochoa's "Yo Diablo" or "El Diablo" statement. The identity of the person who went into Perales's cell, kicked him, and swung a white sock filled with batteries at his head, was in dispute; and Ochoa's statement, made while he was standing over Perales's body, amounted to a boast which tended to show that Ochoa was the perpetrator. Nor was the statement unduly prejudicial. The statement is not particularly inflammatory, and the government did not give it an inflammatory spin.

## II

We review Ochoa's claim that the government's closing impermissibly shifted the burden to him for plain error, as no objection was made at the time. The summation included one inartful comment that could be interpreted as shifting the burden, but otherwise reiterated that the government bore the burden of proof beyond a reasonable doubt. The district court clearly and correctly instructed that the government had the burden of proving every element of every charge beyond a reasonable doubt. It also instructed the jury that statements of counsel were not evidence. In these circumstances, we cannot say that the isolated comment affected Ochoa's substantial rights. *United States v. Mitchell,* 502 F.3d 931, 995–96 (9th Cir. 2007).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.